**MATSON TERMINALS, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 14–1189, 14–1219.

United States Court of Appeals, District of Columbia Circuit.

Feb. 26, 2016.

Barry W. Marr, Esquire, Megumi Sakae, Marr Jones & Wang LLLP, Honolulu, HI, for Petitioner.

Julie B. Broido, Linda Dreeben, John H. Ferguson, Micah Prieb Stoltzfus Jost, National Labor Relations Board, Washington, DC, for Respondent.

Before: GARLAND, Chief Judge, and BROWN and PILLARD, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the National Labor Relations Board and on the briefs of the parties and oral argument of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review be **DENIED** and the National Labor Relation Board's cross-application for enforcement be **GRANTED.**

Matson Terminals, Inc., (Matson) seeks review of a National Labor Relations Board (Board) decision that the company committed an unfair labor practice under the National Labor Relations Act (NLRA) by refusing to bargain with the certified union of certain longshoremen employed at Matson's cargo facility in Honolulu, Hawai'i. Matson claims that the Board erred in two respects. As a threshold matter, Matson argues that the Board's Acting Regional Director made impermissible credibility determinations during an earlier representation proceeding. On the merits, Matson challenges the Regional Director's determination that the company failed to carry its burden to show that the superintendents and senior superintendents at issue are not "supervisors" as defined by 29 U.S.C. § 152(11). Both contentions are unavailing.

First, we reject Matson's belated contention that the Regional Director impermissibly made credibility determinations. Because Matson failed to raise that objection in its request that the Board review the underlying representation proceeding, the Board correctly concluded that Matson could not raise that issue for the first time in the subsequent unfair labor practice proceeding. *See* 29 C.F.R. § 102.67(f) (2014) (foreclosing parties from raising, "in any related subsequent unfair labor practice proceeding, any issue which was, or could have been, raised in the representation proceeding"). The Board did not abuse its discretion in enforcing that well-settled procedural rule here. *See Pace Univ. v. NLRB*, 514 F.3d 19, 24 (D.C.Cir. 2008) (holding that, in the absence of an

abuse of discretion by the Board, "a representation issue not previously litigated is not properly before the court upon a petition for review of an order in the unfair labor practice proceeding").

Second, substantial evidence supports the Regional Director's decision. *See VIP Health Servs., Inc. v. NLRB,* 164 F.3d 644, 648 (D.C.Cir.1999). After an objective and detailed review of the testimony and other evidence, the Regional Director concluded that Matson failed to establish that the superintendents and senior superintendents at issue are supervisors under the NLRA because they do not exercise any of the statutorily enumerated supervisory functions using the requisite independent judgment. *See* 29 U.S.C. § 152(11); *NLRB v. Ky. River Cmty. Care, Inc.,* 532 U.S. 706, 712–13, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001). The Regional Director acknowledged that the Board had reached a contrary determination in a 2000 decision, but he ultimately concluded that technological innovations and changes in Matson's operations that facilitate more centralized and remote planning and supervision justified a different result in this case. We find no basis in the record to disturb the Regional Director's well-reasoned determination. *See Allied Mech. Servs., Inc. v. NLRB,* 668 F.3d 758, 771 (D.C.Cir.2012).

Accordingly, we deny Matson's petition for review and grant the Board's cross-application for enforcement of its order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(b).